IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

No. 1:15-cv-00501

PUBLIC SERVICE COMPANY OF
NEW MEXICO, a New Mexico corporation,

        Plaintiff,

  v.

APPROXIMATELY 15.49 ACRES OF LAND IN MCKINLEY COUNTY, NEW MEXICO; UNITED STATES OF AMERICA; NAVAJO NATION; NAVAJO TRIBAL UTILITY AUTHORITY; CONTINENTAL DIVIDE ELECTRIC COOPERATIVE, INC.; TRANSWESTERN PIPELINE COMPANY, LLC; CITICORP NORTH AMERICA, INC.; CHEVRON U.S.A. INC., AS SUCCESSOR IN INTEREST TO GULF OIL CORPORATION; HARRY HOUSE, DECEASED; UNKNOWN HEIRS OF HARRY HOUSE, DECEASED; LORRAINE BARBOAN (LARENE H. BARBOAN); PAULINE H. BROOKS; BENJAMIN HOUSE (BENNIE HOUSE); ANNIE H. SORRELL (ANNA H. SORRELL); MARY ROSE HOUSE (MARY R. HOUSE); DOROTHY HOUSE (DOROTHY W. HOUSE); LAURA H. LAWRENCE (LAURA H. CHACO); LEO HOUSE JR.; JONES DEHIYA; NANCY DEHEVA ESKEETS; JIMMY A. CHARLEY (JIM A. CHARLEY); MARY GRAY CHARLEY (MARY B. CHARLEY); BOB GRAY (BOB GREY), DECEASED, UNKNOWN HEIRS OF BOB GRAY (BOB GREY), DECEASED; CHRISTINE GRAY BEGAY (CHRISTINE G. BEGAY); THOMAS (THOMPSON) GRAY (THOMAS GREY); JIMMIE GREY (JIMMIE GRAY); LORRAINE SPENCER; MELVIN L. CHARLES (MELVIN L. CHARLEY); MARLA L. CHARLEY (MARLA CHARLEY); KALVIN L. CHARLEY; LAURA A. CHARLEY; HELEN M. CHARLEY; MARILYN RAMONE; WYNEMA GIBERSON; IRENE WILLIE (IRENE JAMES WILLIE); EDDIE MCCRAY (EDDIE R. MCCRAE); ETHEL DAVIS (ETHEL B. DAVIS); CHARLEY JOE JOHNSON (CHARLEY J. JOHNSON); WESLEY E. CRAIG; HYSON CRAIG; NOREEN A. KELLY; ELOUISE J. SMITH; ELOUISE ANN JAMES (ELOUISE JAMES WOOD, ELOISE ANN JAMES, ELOUISE WOODS); LEONARD WILLIE; ALTA JAMES DAVIS (ALTA JAMES); ALICE DAVIS (ALICE D. CHUYATE); PHOEBE CRAIG (COWBOY) (PHOEBE C. COWBOY); NANCY JAMES (NANCY JOHNSON); BETTY JAMES, DECEASED; UNKNOWN HEIRS OF BETTY JAMES, DECEASED; LINDA C. WILLIAMS (LINDA CRAIG-WILLIAMS); GENEVIEVE V. KING; LESTER CRAIG; SHAWN STEVENS; FABIAN JAMES; DAISY YAZZIE CHARLES (DAISY YAZZIE, DAISY J. CHARLES); ROSIE YAZZIE, DECEASED; ROSIE C. YAZZIE ESTATE; UNKNOWN HEIRS OF ROSIE C. YAZZIE, DECEASED; KATHLEEN YAZZIE JAMES (CATHERINE R. JAMES); VERNA M. CRAIG; JUANITA SMITH (JUANITA R. ELOTE); ALETHEA CRAIG; SARAH NELSON; LARRY DAVIS, JR.; BERDINA DAVIS; MICHELLE DAVIS; STEVEN MCCRAY; VELMA YAZZIE; GERALDINE DAVIS; LARRISON DAVIS (LARRISON P. DAVIS); ADAM MCCRAY; MICHELLE MCCRAY; EUGENIO TY JAMES; LARSON DAVIS; CORNELIA A. DAVIS; CELENA DAVIS (CELENA BRATCHER); FRANKIE DAVIS; GLEN CHARLES CHARLESTON (GLEN C.

CHARLESTON); VERNA LEE BERGEN CHARLESTON (VERNA L. CHARLESTON); VERN CHARLESTON; GLENDA BENALLY (GLENDA G. CHARLESTON); KELLY ANN CHARLESTON (KELLY A. CHARLESTON); SHERYL LYNN CHARLESTON (SHERYL L. CHARLESTON); SPENCER KIMBALL CHARLESTON, JR., DECEASED; SPENCER K. CHARLESTON ESTATE; UNKNOWN HEIRS OF SPENCER KIMBALL CHARLESTON, JR. (SPENCER K. CHARLESTON), DECEASED; EDWIN ALLEN CHARLESTON (EDWIN A. CHARLESTON); CHARLES BAKER CHARLESTON (CHARLES B. CHARLESTON); SAM MARIANO, AND UNKNOWN OWNERS, CLAIMANTS AND HEIRS OF THE PROPERTY INVOLVED,

     Defendants.

## COMPLAINT FOR CONDEMNATION

  Plaintiff Public Service Company of New Mexico ("PNM"), by and through its attorneys, Miller Stratvert P.A., files its Complaint for Condemnation and states as follows:

  1. PNM is a New Mexico corporation with its principal place of business in Bernalillo County, New Mexico.

  2. PNM has statutory authority to bring this condemnation action in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1331 because this condemnation action arises under the laws of the United States and federal district courts have jurisdiction under 25 U.S.C. § 357.

  3. 25 U.S.C. § 357 authorizes condemnation of allotted lands. It provides: "Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee."

  4. PNM has statutory authority to bring this action for condemnation pursuant to NMSA 1978, Section 62-1-4 (1909, as amended through 1993), as PNM is a public utility company organized pursuant to NMSA 1978, Section 62-1-1 (1909, as amended through 1912).

5. PNM seeks condemnation pursuant to, in compliance with, and under the authority of the New Mexico Eminent Domain Code, NMSA 1978, Sections 42A-1-1 to -33 (1981, as amended through 2001).

6. Because the real property subject to this Condemnation action is located in McKinley County, New Mexico, venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) and the Court has jurisdiction over the parties herein.

7. PNM brings this action for the condemnation of a perpetual easement through and on real property described below for the public purpose of the construction, operation and maintenance of PNM's existing electric transmission line and related facilities.

8. Upon information and belief, the Navajo Nation, the individuals listed in <u>Exhibit 1, Part A</u>, and the unknown heirs of any such individuals, who are all joined as defendants in this action, are the beneficial owners of Individual Indian Allotment number 1160 located in McKinley County, New Mexico, which real property is described as follows:

> A tract of land designated as Allotment Number 1160 situate within and being all of the Northwest quarter (NW ¼) of Section 14, Township 15 North, Range 13 West, of the New Mexico Principal Meridian, McKinley County, State of New Mexico. ("Allotment 1160")

9. PNM requires a perpetual easement within Allotment 1160 more particularly described as:

> An Electric Overhead Power Line easement within Allotment Number 1160 being all of the NW 1/4 of Section 14, Township 15 North, Range 13 West, N.M.P.M. of McKinley County, New Mexico, and being fifty feet in width, twenty-five feet on each side of the following described centerline, the side lines of said easement to be shortened or lengthened so as to begin at the West Line of Allotment Number 1160 and terminate at the East Line of Allotment Number 1160;

> COMMENCING at the East 1/4 Corner of Section 13, Township 15 North, Range 13 West, N.M.P.M. of McKinley County, New Mexico, monumented by a found Aluminum Cap, whence the SE Corner of said Section 13, monumented by a found Stone, bears South 00°20'21" West (Basis of Bearing-Grid Bearing Based Upon GPS Observations), a distance of 2659.33 feet;
>
> Thence North 79°24'31" West, a distance of 10644.25 feet to the West Line of Allotment Number 1160 and the TRUE POINT OF BEGINNING;
>
> Thence South 62°45'46" East departing the West Line of Allotment Number 1160, a distance of 1386.13 feet;
>
> Thence South 62°45'20" East, a distance of 1608.02 feet to the East Line of Allotment Number 1160, also being the POINT OF ENDING, whence the SE Corner of said Section 13 bears South 67°22'17" East, a distance of 8434.42 feet;
>
> Said Easement containing 3.4368 acres, more or less (the "Allotment 1160 Easement").

A plat showing the Allotment 1160 Easement is attached hereto as Exhibit 2.

10. On information and belief, the individuals listed in Exhibit 1, Part B-1, and the unknown heirs of any such individuals, who are all joined as defendants in this action, are the beneficial owners of Individual Indian Allotment number 1204 located in McKinley County, New Mexico, which real property is described as follows:

> A tract of land designated as Allotment Number 1204 situate within and being all of the Southeast quarter (SE ¼) of Section 6, Township 15 North, Range 13 West, of the New Mexico Principal Meridian, McKinley County, State of New Mexico. ("Allotment 1204")

11. On information and belief, the individuals listed in Exhibit 1, Part B-2, and the unknown heirs of any such individuals, who are all joined as defendants in this action, may have an interest in Allotment 1204 as indicated by BIA records listing persons having encumbrances affecting Allotment 1204.

12. PNM requires a perpetual easement within Allotment 1204 more particularly described as:

> An Electric Overhead Power Line easement within Allotment Number 1204 being all of the SE 1/4 of Section 6, Township 15 North, Range 13 West, N.M.P.M. of McKinley County, New Mexico, and being fifty feet in width, twenty-five feet on each side of the following described centerline, the side lines of said easement to be shortened or lengthened so as to begin at the North Line of Allotment Number 1204 and terminate at the East Line of Allotment Number 1204;
>
> COMMENCING at the Center 1/4 Corner of said Section 6, monumented by a found Stone, whence the South 1/4 Corner of said Section 6, monumented by a found Stone, bears South 00°26'28" West (Basis of Bearing-Grid Bearing Based Upon GPS Observations), a distance of 2637.91 feet;
>
> Thence South 89°06'40" East along the North Line of Allotment Number 1204, a distance of 358.42 feet to the TRUE POINT OF BEGINNING;
>
> Thence South 74°28'17" East, a distance of 2418.54 feet to the East Line of Allotment Number 1204, also being the POINT OF ENDING, whence the South 1/4 Corner of said Section 6 bears South 53°46'15" West, a distance of 3358.24 feet;
>
> Said Easement containing 2.7761 acres, more or less (the "Allotment 1204 Easement").

A plat showing the Allotment 1204 Easement is attached hereto as Exhibit 3.

13. On information and belief, the individuals listed in Exhibit 1, Part C-1, and the unknown heirs of any such individuals, who are all joined as defendants in this action, are the beneficial owners of Individual Indian Allotment number 1340 located in McKinley County, New Mexico, which real property is described as follows:

> A tract of land designated as Allotment Number 1340 situate within and being all of the Southwest quarter (SW ¼) of Section 30, Township 16 North, Range 14 West, of the New Mexico Principal Meridian, McKinley County, State of New Mexico. ("Allotment 1340")

14.     On information and belief, the individuals listed in <u>Exhibit 1, Part C-2</u>, and the unknown heirs of any such individuals, who are all joined as defendants in this action, may have an interest in Allotment 1340 as indicated by BIA records listing persons having encumbrances affecting Allotment 1340.

15.     PNM requires a perpetual easement within Allotment 1340 more particularly described as:

> An Electric Overhead Power Line easement within Allotment Number 1340 being all of the SW 1/4 of Section 30, Township 16 North, Range 14 West, N.M.P.M. of McKinley County, New Mexico, and being fifty feet in width, twenty-five feet on each side of the following described centerline, the side lines of said easement to be shortened or lengthened so as to begin at the West Line of Allotment Number 1340 and terminate at the East Line of Allotment Number 1340;
>
> COMMENCING at the SE Corner of said Section 30, monumented by a found Rebar with No Cap, whence the NE Corner of Section 32, Township 16 North, Range 14 West, N.M.P.M. of McKinley County, New Mexico, monumented by a found Rebar with No Cap, bears South 89°42'29" East (Basis of Bearing-Grid Bearing Based Upon GPS Observations), a distance of 5264.67 feet;
>
> Thence North 72°45'05" West, a distance of 5435.54 feet to the West Line of Allotment Number 1340 and the TRUE POINT OF BEGINNING;
>
> Thence South 75°07'57" East departing the West Line of Allotment 1340, a distance of 2688.74 feet to the East Line of Allotment Number 1340, also being the POINT OF ENDING, whence the NE Corner of said Section 32 bears South 83°06'55" East, a distance of 7914.03 feet;
>
> Said Easement containing 3.0862 acres, more or less (the "Allotment 1340 Easement").

A plat showing the Allotment 1340 Easement is attached hereto as <u>Exhibit 4</u>.

16.     On information and belief, the Navajo Nation, the individuals listed in <u>Exhibit 1, Part D</u>, and the unknown heirs of any such individuals, who are all joined as defendants in this

6

action, are the beneficial owners of Individual Indian Allotment number 1392 located in McKinley County, New Mexico, which real property is described as follows:

> A tract of land designated as Allotment Number 1392 situate within and being all of the northwest quarter (NW ¼) of Section 34, Township 16 North, Range 17 West of the New Mexico Principal Meridian, McKinley County, State of New Mexico. ("Allotment 1392")

17. PNM requires a perpetual easement within Allotment 1392 more particularly described as:

> An Electric Overhead Power Line easement within Allotment Number 1392 being all of the NW 1/4 of Section 34, Township 16 North, Range 17 West, N.M.P.M. of McKinley County, New Mexico, and being fifty feet in width, twenty-five feet on each side of the following described centerline, the side lines of said easement to be shortened or lengthened so as to begin at the West Line of the NW 1/4 of said Section 34 and terminate at the North Line of the NW 1/4 of said Section 34;
>
> BEGINNING at the West 1/4 Corner of said Section 34 also being the SW Corner of Allotment Number 1392 monumented by a found BLM Brass Cap dated "2004", thence North 01°02'53" East (Basis of Bearing-Grid Bearing Based Upon GPS Observations) along the West Line of the NW 1/4 of said Section 34, a distance of 1389.86 feet to the TRUE POINT OF BEGINNING;
>
> Thence North 62°17'36" East departing the West Line of the NW 1/4 of said Section 34, a distance of 2634.23 feet to a point on the North Line of the NW 1/4 of said Section 34, also being the POINT OF ENDING, whence the North 1/4 Corner of said Section 34 monumented by a found BLM Brass Cap Dated "2004", bears South 89°38'10" East, a distance of 369.85 feet;
>
> Said Easement containing 3.0237 acres, more or less (the "Allotment 1392 Easement").

A plat showing the Allotment 1392 Easement is attached hereto as <u>Exhibit 5</u>.

18. On information and belief, the individuals listed in <u>Exhibit 1, Part E-1</u>, and the unknown heirs of any such individuals, who are all joined as defendants in this action, are the

7

beneficial owners of Individual Indian Allotment number 1877 located in McKinley County, New Mexico, which real property is described as follows:

> A tract of land designated as Allotment Number 1877 situate within and being Lot 1, Lot 2, together with the South one-half of the Northeast quarter (S 1/2 NE ¼) of Section 1, Township 15 North, Range 14 West, of the New Mexico Principal Meridian, McKinley County, State of New Mexico. ("Allotment 1877")

19. On information and belief, the individuals listed in <u>Exhibit 1, Part E-2</u>, and the unknown heirs of any such individuals, who are all joined as defendants in this action, may have an interest in Allotment 1877 as indicated by BIA records listing persons having encumbrances affecting Allotment 1877.

20. PNM requires a perpetual easement within Allotment 1877 more particularly described as:

> An Electric Overhead Power Line easement within Allotment Number 1877 being Lot 1, Lot 2, S 1/2 NE 1/4 of Section 1, Township 15 North, Range 14 West, N.M.P.M. of McKinley County, New Mexico, and being fifty feet in width, twenty-five feet on each side of the following described centerline, the side lines of said easement to be shortened or lengthened so as to begin at the West Line of Allotment Number 1877 and terminate at the East Line of Allotment Number 1877;
>
> COMMENCING at the NW Corner of said Section 1, monumented by a found Rebar with Plastic Cap, whence the NE Corner of Section 1, Township 15 North, Range 14 West, N.M.P.M. of McKinley County, New Mexico, monumented by a found Rebar with Plastic Cap, bears South 89°40'05" East (Basis of Bearing-Grid Bearing Based Upon GPS Observations), a distance of 5284.64 feet;
>
> Thence South 72°11'31" East, a distance of 2787.86 feet to the West Line of Allotment Number 1877 and the TRUE POINT OF BEGINNING;
>
> Thence South 74°35'24" East departing the West Line of Allotment Number 1877, a distance of 1172.19 feet;
>
> Thence South 74°31'03" East, a distance of 1583.11 feet to the East Line of Allotment Number 1877, also being the POINT OF ENDING, whence

> the NE Corner of said Section 1 bears North 00°56'13" West, a distance of 1556.28 feet;
>
> Said Easement containing 3.1626 acres, more or less (the "Allotment 1877 Easement").

A plat showing the Allotment 1877 Easement is attached hereto as <u>Exhibit 6</u>.

21.     The above-described Allotments numbered 1160, 1204, 1340, 1392, and 1877 are collectively referred to herein as the "Allotments" or the "Property."

22.     The above-described Allotment 1160 Easement, Allotment 1204 Easement, Allotment 1340 Easement, Allotment 1392 Easement, and Allotment 1877 Easement are collectively referred to herein as the "Easement."

23.     The United States of America ("United States") is a defendant to this action because (a) the United States is the holder of fee simple title to the Property, which the United States holds in trust for (i) certain individual Indians to whom the Property or portions thereof has been allotted under federal law or (ii) the Navajo Nation, but only in the Navajo Nation's capacity as a beneficial owner of one or more of the Allotments, and (b) records of the United States of America, Department of the Interior, Bureau of Indian Affairs ("BIA") relating to the Property indicate that the United States, including its constituent departments and agencies, may have other interests in or encumbrances affecting the Property.

24.     Upon information and belief, Defendant the Navajo Nation, in its capacity as a beneficial owner of certain of the Allotments, may have an interest in the Property as indicated by BIA records.

25.     Upon information and belief, Defendants Continental Divide Electric Cooperative, Inc., Transwestern Pipeline Company, LLC, Citicorp North America, Inc., Navajo

Tribal Utility Authority, and Chevron U.S.A. Inc., as successor in interest to Gulf Oil Corporation, may have an interest in the Property as indicated by BIA records.

26. There may be other persons who have or may claim an interest in the Property and whose names could not be found after PNM's reasonable and diligent search of the BIA Title Status Reports regarding the Allotments. Such other persons are Defendants under the designation "Unknown Owners, Claimants and Heirs of the Property Involved."

27. PNM seeks condemnation of the Easement within the Property for the public purpose of constructing, maintaining and operating PNM's existing 115-kilovolt electric transmission line that traverses approximately sixty miles and connects PNM's Ambrosia substation (located north of Grants, New Mexico) to PNM's Ya-Ta-Hey substation (located west of Gallup, New Mexico). This transmission line is commonly known as, and is hereinafter referred to as, the "AY Line."

28. The BIA previously granted to PNM a right-of-way easement authorizing PNM to construct, maintain, and operate the AY Line on the Property for a term of fifty years from April 8, 1960. This easement is referred to herein as the "Original Easement". PNM constructed the AY Line on the Property during the 1960s.

29. Subsequent to its construction of the AY Line, PNM has continuously utilized the AY Line to the present day in connection with PNM's provision of electric service as a public utility.

30. The AY Line is a critical component of PNM's system for the continual transmission of electricity to areas including, but not limited to, the cities of Gallup and Albuquerque, New Mexico and the outlying areas west of Albuquerque, New Mexico, and to other electrical utility service providers for delivery to their own customers who are not

themselves customers of PNM. Furthermore, the Navajo Nation and its members also benefit from the support that the AY Line provides to PNM's overall system for the transmission and distribution of electricity.

31. Pursuant to the terms of the Original Easement, the Original Easement was to expire in April 2010. Therefore, in 2009, as part of PNM's application for renewal of the Original Easement, PNM began seeking consent for renewal from the beneficial owners of the Allotments pursuant to 25 U.S.C. § 324 and 25 C.F.R. § 169.3(b).

32. Prior to November 3, 2009, PNM had obtained written consent from the requisite percentage of beneficial owners of the Allotments in exchange for agreed upon just compensation for the renewal of the Original Easement consistent with the requirements of 25 U.S.C. § 324 and 25 C.F.R. § 169.3(b).

33. On November 3, 2009, PNM submitted to the BIA its application for the renewal of the Original Easement, which application was accompanied by the written consents referenced above.

34. In June, 2014, counsel for some of the beneficial owners of the Allotments notified the BIA and PNM that such beneficial owners had revoked their earlier written consent to PNM's requested renewal of the Original Easement.

35. In January, 2015, the BIA notified PNM that the above-described revocations of consent precluded the BIA from granting its approval of PNM's requested renewal of the Original Easement.

36. PNM personnel and agents acting at PNM's direction have attempted in good faith to obtain consents for the grant of the Easement across the Allotments. PNM's efforts in obtaining the written consent of a sufficient number of beneficial owners of the Allotments in

exchange for agreed upon just compensation constitute compliance with PNM's obligation to make reasonable and diligent efforts to acquire the Easement by negotiation prior to commencing this condemnation action.

37. Because PNM was not able to obtain a renewal of the Original Easement, PNM seeks to condemn the Easement in perpetuity pursuant to 25 U.S.C. § 357 and the New Mexico Eminent Domain Code.

38. PNM's condemnation of the Easement in perpetuity is for the public purpose of the continued operation of the AY Line.

WHEREFORE, plaintiff PNM demands:

1. A judgment granting PNM the Allotment 1160 Easement, including PNM's rights of ingress and egress across Allotment 1160;

2. A judgment granting PNM the Allotment 1204 Easement, including PNM's rights of ingress and egress across Allotment 1204;

3. A judgment granting PNM the Allotment 1340 Easement, including PNM's rights of ingress and egress across Allotment 1340;

4. A judgment granting PNM the Allotment 1392 Easement, including PNM's rights of ingress and egress across Allotment 1392;

5. A judgment granting PNM the Allotment 1877 Easement, including PNM's rights of ingress and egress across Allotment 1877;

6. A judgment granting PNM the right of immediate possession of the Easement on the Allotments pursuant to NMSA 1978, § 42A-1-22;

7. Appointment of three Commissioners pursuant to NMSA 1978, § 42A-1-19;

      8.      Determination and award of just compensation for the taking of the Easement; and

      9.      Any other relief the Court determines is just and proper.

Respectfully submitted,

MILLER STRATVERT P.A.

By   */s/ Kirk R. Allen*
     KIRK R. ALLEN
     STEPHEN B. WALLER
     Attorneys for Plaintiff
     Public Service Company of New Mexico
     Post Office Box 25687
     Albuquerque, NM 87125
     Phone: (505) 842-1950 / Fax: (505) 243-4408
     Email: kallen@mstlaw.com
     swaller@mstlaw.com

\\abq-tamarack\prodata\000003-046749\pleadings\2744493_4.doc