## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**PUBLIC SERVICE COMPANY**
**OF NEW MEXICO,**

      **Plaintiff,**

**vs.**                                                    **No. 15 CV 501 JAP/CG**

**APPROXIMATELY 15.49 ACRES OF LAND**
**IN MCKINLEY COUNTY, NEW MEXICO;**
**NAVAJO NATION;**
**NAVAJO TRIBAL UTILITY AUTHORITY;**
**CONTINENTAL DIVIDE ELECTRIC COOPERATIVE, INC.;**
**TRANSWESTERN PIPELINE COMPANY, LLC;**
**CITICORP NORTH AMERICA, INC.;**
**CHEVRON USA INC., as successor in interest to Gulf Oil Corp.;**
**HARRY HOUSE, Deceased;**
**LORRAINE BARBOAN, also known as, LARENE H. BARBOAN;**
**PAULINE H. BROOKS;**
**BENJAMIN HOUSE, also known as, BENNIE HOUSE;**
**ANNIE H. SORRELL, also known as, ANNA H. SORRELL;**
**MARY ROSE HOUSE, also known as, MARY R. HOUSE;**
**DOROTHY HOUSE, also known as, DOROTHY W. HOUSE;**
**LAURA H. LAWRENCE, also known as, LAURA H. CHACO;**
**LEO HOUSE, JR.; JONES DEHIYA; NANCY DEHEVA ESKEETS;**
**JIMMY A. CHARLEY, also known as, JIM A. CHARLEY;**
**MARY GRAY CHARLEY, also known as, MARY B. CHARLEY;**
**BOB GRAY, Deceased, also known as, BOB GREY;**
**CHRISTINE GRAY BEGAY, also known as, CHRISTINE G. BEGAY;**
**THOMAS THOMPSON GRAY, also known as, THOMAS GREY;**
**JIMMIE GREY, also known as, JIMMIE GRAY;**
**LORRAINE SPENCER;**
**MELVIN L. CHARLES, also known as, MELVIN L. CHARLEY;**
**MARLA L. CHARLEY, also known as, MARLA CHARLEY;**
**KALVIN A. CHARLEY; LAURA A. CHARLEY;**
**MARILYN RAMONE; WYNEMA GIBERSON;**
**IRENE WILLIE, also known as, IRENE JAMES WILLIE;**
**EDDIE MCCRAY, also known as, EDDIE R. MCCRAE;**
**ETHEL DAVIS, also known as, ETHEL B. DAVIS;**
**CHARLEY JOE JOHNSON, also known as, CHARLEY J. JOHNSON;**
**WESLEY E. CRAIG; HYSON CRAIG; NOREEN A. KELLY;**

ELOUISE J. SMITH;
ELOUISE ANN JAMES, also known as, ELOUISE JAMES WOOD, also known as,
ELOISE ANN JAMES, also known as, ELOUISE WOODS;
LEONARD WILLIE;
ALTA JAMES DAVIS, also known as, ALTA JAMES;
ALICE DAVIS, also known as, ALICE D. CHUYATE;
PHOEBE CRAIG, also known as, PHOEBE C. COWBOY;
NANCY JAMES, also known as, NANCY JOHNSON;
BETTY JAMES, Deceased;
LINDA C. WILLIAMS, also known as, LINDA CRAIG-WILLIAMS;
GENEVIEVE V. KING; LESTER CRAIG; SHAWN STEVENS;
FABIAN JAMES;
DAISY YAZZIE CHARLES, also known as,
DAISY YAZZIE, also known as, DAISY J. CHARLES;
ROSIE YAZZIE, Deceased;
KATHLEEN YAZZIE JAMES, also known as, CATHERINE R. JAMES;
VERNA M. CRAIG;
JUANITA SMITH, also known as, JUANITA R. ELOTE;
ALETHEA CRAIG, SARAH NELSON, LARRY DAVIS, JR.;
BERDINA DAVIS; MICHELLE DAVIS; STEVEN MCCRAY;
VELMA YAZZIE; GERALDINE DAVIS;
LARRISON DAVIS, also known as, LARRISON P. DAVIS;
ADAM MCCRAY; MICHELLE MCCRAY;
EUGENIO TY JAMES; LARSON DAVIS; CORNELIA A. DAVIS;
CELENA DAVIS, also known as, CELENA BRATCHER;
FRANKIE DAVIS;
GLEN CHARLES CHARLESTON, also known as, GLEN C. CHARLESTON;
VERNA LEE BERGEN CHARLESTON, also known as, VERNA L. CHARLESTON;
VERN CHARLESTON;
GLENDA BENALLY, also known as, GLENDA G. CHARLESTON;
KELLY ANN CHARLESTON, also known as, KELLY A. CHARLESTON;
SHERYL LYNN CHARLESTON, also known as, SHERYL L. CHARLESTON;
SPENCER KIMBALL CHARLESTON, JR., Deceased;
EDWIN ALLEN CHARLESTON, also known as, EDWIN A. CHARLESTON;
CHARLES BAKER CHARLESTON, also known as, CHARLES B. CHARLESTON;
SAM MARIANO; HARRY HOUSE, JR.; MATILDA JAMES; DARLENE YAZZIE;
Unknown owners, Claimants and Heirs of the Property Involved,
Unknown Heirs of Harry House, Deceased;
Unknown Heirs of Bob Gray (Bob Grey), Deceased;
Unknown Heirs of Betty James, Deceased;
Unknown Heirs of Rosie C. Yazzie, Deceased;
Unknown Heirs of Spencer Kimball Charleston, Jr. (Spencer K. Charleston), Deceased;
Unknown Heirs of Helen M. Charley, Deceased;
ESTATE OF ROSIE C. YAZZIE, Deceased;
ESTATE OF SPENCER K. CHARLESTON, Deceased;
UNITED STATES OF AMERICA;

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and
UNITED STATES DEPARTMENT OF THE INTERIOR;**

    **Defendants.**

**Consolidated with**

**LORRAINE J. BARBOAN, LAURA H. CHACO,
BENJAMIN A. HOUSE, MARY R. HOUSE,
ANNIE H. SORRELL, DOROTHY W. HOUSE,
JONES DEHIYA, KALVIN CHARLEY,
MARY B CHARLEY, MELVIN L. CHARLEY,
MARLA L. CHARLEY, CHRISTINE G. BEGAY,
JIMMIE GRAY, THOMPSON GREY,
BOB GREY, LEONARD WILLIE, IRENE WILLIE,
CHARLEY JOHNSON, ELOISE J. SMITH,
SHAWN STEVENS, GLEN C. CHARLESTON, and
GLENDA G. CHARLESTON,**

    **Plaintiffs,**

**vs.**                                                  **No. 15 CV 826 WPJ/KK**

**PUBLIC SERVICE COMPANY OF NEW MEXICO,
a New Mexico corporation, and the
UNITED STATES OF AMERICA,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO CONSOLIDATE AND FOR REASSIGNMENT

    PNM brought Case No. 15 CV 501 JAP/CG (the Condemnation Case) to acquire a

perpetual easement for its high-voltage electric utility line (the AY Line) on approximately 15.49

acres of land in McKinley County, New Mexico. Twenty-two of the landowner defendants in the

Condemnation Case brought Case No. 15 CV 826 WPJ/KK (the Trespass Case) against PNM

claiming that since the expiration of its fifty-year easement in April 2010, PNM's AY Line has

trespassed on their property. The plaintiffs (*Barboan* Plaintiffs) in the Trespass Case ask the

Court to reassign the Trespass Case to the presiding judge in the Condemnation Case and to

consolidate the Trespass Case with the Condemnation Case. *See* MOTION TO CONSOLIDATE

AND FOR REASSIGNMENT (Case No. 15 CV 501 Doc. No. 108); MOTION TO

CONSOLIDATE AND FOR REASSIGNMENT (Case No. 15 CV 826 Doc. No. 31) (together,

the Motion). Because both the Condemnation Case and the Trespass Case involve similar issues

of law and fact, the Court will grant the Motion.

In the 1960s, PNM was granted a fifty-year easement on five allotments of land

beneficially owned by members of the Navajo Nation (Nation): (1) Allotment 1160, (2)

Allotment 1204, (3) Allotment 1340, (4) Allotment 1392, and (5) Allotment 1877 (together, the

Five Allotments). (Case No. 15 CV 501, Am. Complaint (FAC) ¶ 21 (Doc. No. 49) Exs. 2-6.)

The *Barboan* Plaintiffs own a majority of the beneficial interests in the Five Allotments. (*Id.*)

The Nation owns an undivided 13.6 % beneficial interest in Allotment 1160 and an undivided

.14 % beneficial interest in Allotment 1392. (*Id.*) Allotment 1160 and Allotment 1392 will be

referred to as the Two Allotments. The United States owns the fee title to the Five Allotments in

trust for the individual owners and for the Nation. (*Id.* ¶ 23.)

PNM and the United States oppose the Motion for the same reason: consolidation of the

Condemnation Action with the Trespass Action would nullify the Court's previous ruling that

under Fed. R. Civ. P. 71.1, the *Barboan* Plaintiffs may not bring a counterclaim for trespass in

the Condemnation Case. *See* MEMORANDUM OPINION AND ORDER DISMISSING

COUNTERCLAIM ASSERTED BY INDIVIDUAL DEFENDANTS. Case No. 15 CV 501

JAP/CG (Doc. No. 103). *See also* PLAINTIFF PUBLIC SERVICE COMPANY OF NEW

MEXICO'S RESPONSE IN OPPOSITION TO 22 DEFENDANTS' MOTION TO

CONSOLIDATE AND FOR REASSIGNMENT (Doc. No. 111); DEFENDANT UNITED

STATES OF AMERICA'S RESPONSE IN OBJECTION TO ALLOTTEES' MOTION TO

CONSOLIDATE AND FOR REASSIGNMENT (Doc. No. 112).[1]

### I.      STANDARD OF REVIEW

Rule 42 provides,

> If actions before the court involve a common question of law or fact, the court
> may: (1) join for hearing or trial any or all matters at issue in the actions; (2)
> consolidate the actions or (3) issue any other orders to avoid unnecessary cost or
> delay.

Fed. R. Civ. P. 42(a). Once the Court has determined that there are common questions of law or

fact, it "should then weigh the interests of judicial convenience in consolidating the cases against

the delay, confusion, and prejudice consolidation might cause." *Nieto v. Kapoor*, 210 F.R.D. 244,

248 (D.N.M. 2002) (quoting *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp.

1560, 1572 (D.N.M. 1994)). Courts consolidate cases to promote "convenience and economy of

administration." *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1089 (D.N.M. 2005).

### II.     BACKGROUND

#### A.      THE CONDEMNATION ACTION

In November 2009, knowing that its easement would expire in April 2010, PNM acquired

the requisite consents from owners of a majority of the beneficial interests in the Five Allotments

and submitted a renewal application to the BIA under 25 U.S.C. §§ 321–328. In June 2014,

however, the *Barboan* Plaintiffs withdrew their consent. In 2015, the BIA notified PNM that it

could not approve PNM's renewal application. Thus, PNM brought the Condemnation Case on

---

[1] In ruling on the Motion, the Court has also considered the arguments in the *Barboan* Plaintiffs' REPLY IN
SUPPORT OFMOTION TO CONSOLIDATE (Doc. No. 115).

June 13, 2015 under 25 U.S.C. § 357.[2] PNM has asked the Court to appoint a three member

commission under NMSA 1978 § 42A-1-19 to determine the amount of fair compensation PNM

must pay to the owners of the Five Allotments.

On December 1, 2015, the Court granted the Nation's motion to dismiss concluding that

PNM lacked statutory authority to condemn the Two Allotments and that the Nation is an

indispensable party who has sovereign immunity from suit. *See* MEMORANDUM OPINION

AND ORDER GRANTING MOTION TO DISMISS THE NAVAJO NATION AND

ALLOTMENT NUMBERS 1160 AND 1392 (Doc. No. 101).[3] The Court has certified for

interlocutory appeal several controlling issues of law from that decision. (*Id.*) Consequently,

PNM's ability to condemn the Two Allotments depends on the resolution of the interlocutory

appeal. The Court has also stayed all claims in the Condemnation Case against the Five

Allotments. (*Id.*)

On December 1, 2015, the Court also entered its MEMORANDUM OPINION AND

ORDER DISMISSING COUNTERCLAIM ASSERTED BY INDIVIDUAL DEFENDANTS

(Doc. No. 103). In dismissing the trespass counterclaims from the Condemnation Case, the Court

relied on an interpretation of Rule 71.1 (e)(3)[4] adopted by a majority of courts, that

---

[2] Section 357 provides,

> Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee.

25 U.S.C. § 357.
[3] PNM moved to reconsider that ruling, but the Court has denied that request in part. *See* MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER OR AMEND ORDER DISMISSING NAVAJO NATION AND ALLOTMENT NUMBERS 1160 AND 1392.
[4] The rule provides,

> A defendant waives all objections and defenses not stated in its answer. No other pleading or motion asserting an additional objection or defense is allowed.

Fed. R. Civ. P. 71.1 (e)(3).

counterclaims are not permitted in condemnation proceedings. *See, e.g., Kansas Pipeline Co. v. 200 Foot by 250 Foot Piece of Land,* 210 F. Supp. 2d 1253, 1258 (D. Kan. 2002) (holding that counterclaims are "pleadings" not permitted under Rule 71.1(e)). Despite that ruling, the Court will consolidate the condemnation and trespass claims.

### B.        THE TRESPASS ACTION

On September 18, 2015, apparently in response to PNM's motion to dismiss their trespass counterclaims in the Condemnation Case, the *Barbon* Plaintiffs filed the Trespass Case. They claim that since PNM's consensual easement expired in April 2010, PNM has been trespassing on their property in violation of 25 U.S.C. § 345.[5] The *Barbon* Plaintiffs have demanded a jury trial to determine liability and damages, which they claim would be "the fair market value of the continued use of the right-of-way easement" from the date PNM's easement expired to the date condemnation damages are awarded. (Case No. 15 CV 826 Compl. (Doc. No. 1) ¶ 17; Mot. at 3.)

The United States, named as a nominal defendant, has moved to dismiss the Trespass Case arguing *inter alia* that PNM has a license to use the easement while its application for a renewal of the easement is pending before the United States Department of the Interior's Bureau of Indian Affairs (BIA). DEFENDANT UNITED STATES OF AMERICA'S MOTION TO

---

[5] Section 345 states,

> All persons who are in whole or in part of Indian blood or descent . . . who claim to have been unlawfully denied or excluded from any allotment or any parcel of land to which they claim to be lawfully entitled . . . may commence and prosecute or defend any action, suit, or proceeding in relation to their right thereto in the proper district court of the United States[.]

25 U.S.C. § 345.

DISMISS (Case No. 15 CV 826, Doc. No. 15) (US Motion to Dismiss).[6] PNM and the *Barboan* Plaintiffs have opposed the US Motion to Dismiss. *See* DEFENDANT PUBLIC SERVICE COMPANY OF NEW MEXICO'S RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS (Doc. No. 20) *and* PLAINTIFFS' RESPONSE TO NOMINAL DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS THIS ACTION IN ITS ENTIRETY (Doc. No. 23).[7] The United States has also moved to stay discovery in the Trespass Case until the Court rules on the US Motion to Dismiss.[8] *See* UNITED STATES OF AMERICA'S MOTION TO STAY DISCOVERY (Doc. No. 22). The *Barboan* Plaintiffs oppose the motion to stay.[9]

### III.   ANALYSIS

#### A.   COMMON QUESTIONS OF LAW AND FACT

##### 1.   PNM's Right to Use the Easement

Controversies involving property rights to Indian allotments are governed by federal law. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1282 (10th Cir. 2010) (holding that allottees could not bring a state law trespass claim but could bring federal common law trespass claim under 25 U.S.C. § 345). However, in those cases federal courts are guided by state law. *Id.* at 1282–83. Under New Mexico law, a person is liable for trespass if he intentionally enters the land of

---

[6] In the US Motion to Dismiss, the United States has argued that the Court lacks federal question jurisdiction over the Trespass Case because the *Barboan* Plaintiffs may not sue for trespass under 25 U.S.C. § 345. The United States has also argued that the Nation is an indispensable party that should be joined in the Trespass Case and that the case should be dismissed in the Nation's absence under Rule 19.

[7] In response the *Barboan* Plaintiffs assert that the Tenth Circuit has allowed trespass actions under § 345. In its response, PNM asserts that the *Barboan* Plaintiffs have the right to sue for trespass under 25 U.S.C. § 345 and that Nation is not an indispensable party. *See* DEFENDANT PUBLIC SERVICE COMPANY OF NEW MEXICO'S RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS (Doc. No. 20) *and* PLAINTIFFS' RESPONSE TO NOMINAL DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS THIS ACTION IN ITS ENTIRETY (Doc. No. 23).

[8] According to the United States, all parties would be prejudiced if discovery were allowed to proceed and the Court later dismissed the Trespass Case for lack of jurisdiction.

[9] *See* RESPONSE IN OPPOSITION TO NOMINAL DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STAY DISCOVERY (Doc. No. 32).

another or causes a thing or third person to do so without permission. *North v. Public Service Company of New Mexico*, 101 N.M. 222, 680 P.2d 603, 605 (1983). A pivotal issue in both the Condemnation Case and Trespass Case will be whether PNM is unlawfully occupying its easement, and that depends on PNM's authority to condemn an easement. *Id.* The Court has held that PNM cannot condemn an easement on the Two Allotments, but that decision has been certified for interlocutory appeal. In short, PNM's liability for trespass on the Two Allotments depends on its ability to condemn. This common issue of law favors consolidation.

Also, the United States avers that, since PNM's renewal application was filed, PNM has a license to occupy its easement while that application is pending before the BIA. *See* MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S MOTION TO DISMISS (Doc. No. 33) at 5. The *Barboan* Plaintiffs assert that their withdrawal of consent prevents the BIA from granting PNM's application. Therefore, the status of PNM's renewal application is relevant to the trespass claim as to the Two Allotments. The Court has held that since PNM cannot sue the Nation for condemnation, the BIA process for consensual easements is the only alternative for PNM to acquire an easement on the Two Allotments. These common issues also favor consolidation.

3.   Damages and Just Compensation

The *Barboan* Plaintiffs claim that the issue at the heart of their Trespass Case is "the fair market value for the damages they have suffered from PNM's past and continued use and occupancy of their land without compensation." (Mot. at 4.) According to the *Barboan* Plaintiffs, the Condemnation Case involves the same issue of fair market value. (*Id.*) The *Barboan* Plaintiffs recently indicated that "any fair market valuation for the easement must include trespass, comparative values of lands wherein there are tribal interests, and that the appropriate

9

methodology for determining fair market value is based on the highest and best use." JOINT

STATUS REPORT AND PROVISIONAL DISCOVERY PLAN (Case No. 15 CV 501, Doc.

No. 121 at 4) (JSR).

As for the Two Allotments, if PNM has condemnation authority, that is, if the Tenth

Circuit reverses this Court's decision, the measure of damages will be the fair market value of

the easement. If PNM lacks the ability to condemn the Two Allotments, it may be trespassing on

the Two Allotments. If PNM is determined to be trespassing, the fact finder will have to

determine when the trespass began, either at the time PNM's consensual easement expired in

April 2010, at the time the *Barboan* Plaintiffs withdrew their consent, or at the time the BIA

indicated it could not approve the renewal application. As for the remaining three allotments,

however, PNM clearly has the right to condemn an easement; thus, the owners will recover

condemnation damages.

In sum, the Condemnation Case and the Trespass Case involve common issues of law

and fact.

### B.     JUDICIAL CONVENIENCE WEIGHED AGAINST DELAY, CONFUSION, AND PREJUDICE

After finding common questions of law and fact, the Court must weigh the interests of

judicial convenience in consolidating the cases against the delay, confusion, and prejudice that

consolidation may cause. *Anderson Living Trust v. WPX Energy Prod., LLC*, 297 F.R.D. 622,

630 (D.N.M. 2014) (citing 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard

L. Marcus & Adam N. Steinman, *Federal Practice & Procedure, Civil* § 2383 (3d ed.)

("[C]onsolidation . . . is . . . a matter of convenience and economy in judicial administration. The

district court is given broad discretion to decide whether consolidation under Rule 42(a) would

be desirable and the district judge's decision inevitably is highly contextual.").

The Court concludes that consolidation is appropriate. Notably, the Court has stayed all claims in the Condemnation Case pending the resolution of the interlocutory appeal. Once PNM's interlocutory appeal is resolved, either the condemnation or trespass claims will be viable as to the Two Allotments. If the Tenth Circuit upholds this Court's decision, then the *Barboan* Plaintiffs will have a basis for their trespass claims. If the Tenth Circuit reverses this Court's decision, then PNM may prosecute its condemnation claims against the Two Allotments. Thus, with regard to the Two Allotments, the appeal will dictate what claims may move forward. In either instance, consolidation will save time and resources particularly in retaining experts as to the fair market value of all Five Allotments.

The Court recognizes that consolidation contradicts the previous ruling dismissing the trespass counterclaim. And in a sense, the Court has revised its previous decision. Fed. R. Civ. P. 54(b) (allowing court to revise a decision at any time prior to final judgment). The Court notes, however, that consolidation does not merge separate suits into one cause of action. *Harris v. Illinois-California Exp., Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982). And, despite consolidation, the Condemnation Case and the Trespass Case retain their separate identities. *Hillman v. Webley,* Case No. 95-1513, 1996 WL 559656, *7 (10th Cir. Sept. 30, 1996) (recognizing that consolidation of cases "does not merge the suits into a single cause, or change the rights of the parties"), *cited in In re Bank of America Wage and Hour Employment Litigation*, No. 10–MD–2138–JWL, 2010 WL 4180530, *3 (D. Kan. Oct. 20, 2010). In sum, consolidation recognizes the interrelated nature of these particular claims.

IT IS ORDERED that the MOTION TO CONSOLIDATE AND FOR REASSIGNMENT (Case No. 15 CV 501 Doc. No. 108) and the MOTION TO CONSOLIDATE AND FOR

REASSIGNMENT (Case No. 15 CV 826 Doc. No. 31) are granted and future filings should be made in the lower numbered Condemnation Case.

_____
SENIOR UNITED STATES DISTRICT JUDGE