UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PUBLIC SERVICE COMPANY
OF NEW MEXICO,

    Plaintiff,

vs.                                                                                                                      No. 15 CV 501 JAP/CG

APPROXIMATELY 15.49 ACRES OF LAND
IN MCKINLEY COUNTY, NEW MEXICO;
NAVAJO NATION;
NAVAJO TRIBAL UTILITY AUTHORITY;
CONTINENTAL DIVIDE ELECTRIC COOPERATIVE, INC.;
TRANSWESTERN PIPELINE COMPANY, LLC;
CITICORP NORTH AMERICA, INC.;
CHEVRON USA INC., as successor in interest to Gulf Oil Corp.;
HARRY HOUSE, Deceased;
LORRAINE BARBOAN, also known as, LARENE H. BARBOAN;
PAULINE H. BROOKS;
BENJAMIN HOUSE, also known as, BENNIE HOUSE;
ANNIE H. SORRELL, also known as, ANNA H. SORRELL;
MARY ROSE HOUSE, also known as, MARY R. HOUSE;
DOROTHY HOUSE, also known as, DOROTHY W. HOUSE;
LAURA H. LAWRENCE, also known as, LAURA H. CHACO;
LEO HOUSE, JR.; JONES DEHIYA; NANCY DEHEVA ESKEETS;
JIMMY A. CHARLEY, also known as, JIM A. CHARLEY;
MARY GRAY CHARLEY, also known as, MARY B. CHARLEY;
BOB GRAY, Deceased, also known as, BOB GREY;
CHRISTINE GRAY BEGAY, also known as, CHRISTINE G. BEGAY;
THOMAS THOMPSON GRAY, also known as, THOMAS GREY;
JIMMIE GREY, also known as, JIMMIE GRAY;
LORRAINE SPENCER;
MELVIN L. CHARLES, also known as, MELVIN L. CHARLEY;
MARLA L. CHARLEY, also known as, MARLA CHARLEY;
KALVIN A. CHARLEY; LAURA A. CHARLEY;
MARILYN RAMONE; WYNEMA GIBERSON;
IRENE WILLIE, also known as, IRENE JAMES WILLIE;
EDDIE MCCRAY, also known as, EDDIE R. MCCRAE;
ETHEL DAVIS, also known as, ETHEL B. DAVIS;
CHARLEY JOE JOHNSON, also known as, CHARLEY J. JOHNSON;
WESLEY E. CRAIG; HYSON CRAIG; NOREEN A. KELLY;

**ELOUISE J. SMITH;**
**ELOUISE ANN JAMES, also known as, ELOUISE JAMES WOOD, also known as,**
**ELOISE ANN JAMES, also known as, ELOUISE WOODS;**
**LEONARD WILLIE;**
**ALTA JAMES DAVIS, also known as, ALTA JAMES;**
**ALICE DAVIS, also known as, ALICE D. CHUYATE;**
**PHOEBE CRAIG, also known as, PHOEBE C. COWBOY;**
**NANCY JAMES, also known as, NANCY JOHNSON;**
**BETTY JAMES, Deceased;**
**LINDA C. WILLIAMS, also known as, LINDA CRAIG-WILLIAMS;**
**GENEVIEVE V. KING; LESTER CRAIG; SHAWN STEVENS;**
**FABIAN JAMES;**
**DAISY YAZZIE CHARLES, also known as,**
**DAISY YAZZIE, also known as, DAISY J. CHARLES;**
**ROSIE YAZZIE, Deceased;**
**KATHLEEN YAZZIE JAMES, also known as, CATHERINE R. JAMES;**
**VERNA M. CRAIG;**
**JUANITA SMITH, also known as, JUANITA R. ELOTE;**
**ALETHEA CRAIG, SARAH NELSON, LARRY DAVIS, JR.;**
**BERDINA DAVIS; MICHELLE DAVIS; STEVEN MCCRAY;**
**VELMA YAZZIE; GERALDINE DAVIS;**
**LARRISON DAVIS, also known as, LARRISON P. DAVIS;**
**ADAM MCCRAY; MICHELLE MCCRAY;**
**EUGENIO TY JAMES; LARSON DAVIS; CORNELIA A. DAVIS;**
**CELENA DAVIS, also known as, CELENA BRATCHER;**
**FRANKIE DAVIS;**
**GLEN CHARLES CHARLESTON, also known as, GLEN C. CHARLESTON;**
**VERNA LEE BERGEN CHARLESTON, also known as, VERNA L. CHARLESTON;**
**VERN CHARLESTON;**
**GLENDA BENALLY, also known as, GLENDA G. CHARLESTON;**
**KELLY ANN CHARLESTON, also known as, KELLY A. CHARLESTON;**
**SHERYL LYNN CHARLESTON, also known as, SHERYL L. CHARLESTON;**
**SPENCER KIMBALL CHARLESTON, JR., Deceased;**
**EDWIN ALLEN CHARLESTON, also known as, EDWIN A. CHARLESTON;**
**CHARLES BAKER CHARLESTON, also known as, CHARLES B. CHARLESTON;**
**SAM MARIANO; HARRY HOUSE, JR.; MATILDA JAMES; DARLENE YAZZIE;**
Unknown owners, Claimants and Heirs of the Property Involved,
Unknown Heirs of Harry House, Deceased;
Unknown Heirs of Bob Gray (Bob Grey), Deceased;
Unknown Heirs of Betty James, Deceased;
Unknown Heirs of Rosie C. Yazzie, Deceased;
Unknown Heirs of Spencer Kimball Charleston, Jr. (Spencer K. Charleston), Deceased;
Unknown Heirs of Helen M. Charley, Deceased;
**ESTATE OF ROSIE C. YAZZIE, Deceased;**
**ESTATE OF SPENCER K. CHARLESTON, Deceased;**
**UNITED STATES OF AMERICA;**

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and
UNITED STATES DEPARTMENT OF THE INTERIOR;

 Defendants.

**Consolidated with**

LORRAINE J. BARBOAN, LAURA H. CHACO,
BENJAMIN A. HOUSE, MARY R. HOUSE,
ANNIE H. SORRELL, DOROTHY W. HOUSE,
JONES DEHIYA, KALVIN CHARLEY,
MARY B CHARLEY, MELVIN L. CHARLEY,
MARLA L. CHARLEY, CHRISTINE G. BEGAY,
JIMMIE GRAY, THOMPSON GREY,
BOB GREY, LEONARD WILLIE, IRENE WILLIE,
CHARLEY JOHNSON, ELOISE J. SMITH,
SHAWN STEVENS, GLEN C. CHARLESTON, and
GLENDA G. CHARLESTON,

 Plaintiffs,

vs.                    No. 15 CV 826 JAP/CG

PUBLIC SERVICE COMPANY OF NEW MEXICO,
a New Mexico corporation, and the
UNITED STATES OF AMERICA,

 Defendants.

## MEMORANDUM OPINION AND ORDER

In the MOTION TO CONFIRM STATUS OF COURT'S STAY ORDER (Doc .No. 142) (Motion), Public Service Company of New Mexico (PNM) asks the Court to continue a stay of these consolidated cases pending the outcome of a PNM's proposed petition for certiorari to the United States Supreme Court. PNM states it will seek review of the Tenth Circuit Court of Appeals' opinion affirming this Court's ruling in the MEMORANDUM OPINION AND ORDER (Doc. No. 101)and in the MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO ALTER OR AMEND ORDER DISMISSING

NAVAJO MATION AND ALLOTMENT NUMBERS 1160 AND 1393 (together the Opinion).[1]
In the Opinion, the Court dismissed PNM's claims against the Navajo Nation without prejudice, and the Court dismissed claims involving two parcels of land (the Two Allotments) concluding that the Court lacked jurisdiction under 25 U.S.C. § 357 to grant condemnation over lands partially owned by an Indian tribe.[2] Twenty-two of the individual defendants in the condemnation action (No. 15 CV 501 JAP/CG) oppose the Motion. *See* INDIVIDUAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STAY (Doc. No. 143) (Response). PNM filed a reply brief. *See* REPLY IN SUPPORT OF MOTION TO CONFIRM STATUS OF COURT'S STAY ORDER (Doc. No. 145) (Reply). The United States and the Navajo Nation take no position on the Motion. (Mot. at 4.) Because PNM had failed to show good cause to continue the stay, the Court will deny the Motion.

I. BACKGROUND

Since 1960, PNM's electric transmission line (the AY Line) has crossed five parcels of land in McKinley County, New Mexico owned by individual members of the Navajo Nation who are Plaintiffs in No. 15 CV 826 JAP/CG. Those parcels or allotments are identified as Allotment 1160; Allotment 1204; Allotment 1340; Allotment 1392; and Allotment 1877 (the Five Allotments). The Navajo Nation owns fractional undivided beneficial interests in Allotments 1160 and 1392 (the Two Allotments). PNM's fifty-year consensual easement to operate the AY Line expired on April 8, 2010. In 2009, PNM began a year-long attempt to obtain another consensual easement. After initial consent, a majority of the owners of the Five Allotments withdrew their consent. As a result, the Bureau of Indian Affairs (BIA) denied PNM's

---

[1] These opinions can also be found at 155 F.Supp.3d 1151 (D.N.M. Dec. 1, 2015) and 167 F.Supp.3d 1248 (D.N.M. Mar. 2, 2016) respectively.
[2] "Lands allotted in severalty to Indians may be condemned for any public purpose under the laws of the State or Territory where located in the same manner as land owned in fee may be condemned, and the money awarded as damages shall be paid to the allottee." 25 U.S.C. § 357.

application for renewal of the right of way. On June 13, 2015, PNM filed this condemnation action. On September 18, 2015, twenty-two of the seventy-seven individual owners of the Five Allotments, filed a suit in trespass.[3] No. 15 CV 826 JAP/CG. This Court consolidated the condemnation case with the trespass case. MEMORANDUM OPINION AND ORDER (Doc. No. 128) (Mar. 7, 2016).

In the Opinion, the Court dismissed the Navajo Nation as a party without prejudice, and the Court dismissed the Two Allotments because the Court lacked jurisdiction under 25 U.S.C. § 357. The Court determined that because the Navajo Nation owned a partial beneficial interest in the Two Allotments, those parcels were no longer "lands allotted in severalty to Indians." *Id.* The Court also ruled that even if the Two Allotments could be condemned under § 357, the Navajo Nation was an indispensable party to the condemnation action, but it could not be joined due to its sovereign immunity from suit in this Court. Consequently, under the Court's ruling, PNM must obtain a consensual easement from a majority of the fractional owners of the Two Allotments and from the Navajo Nation or it must move its transmission line to bypass the Two Allotments. PNM has the authority under § 357 to condemn the other three Allotments.

The Court issued another order staying the consolidated cases pending PNM's interlocutory appeal of the Opinion to the Tenth Circuit. *See* 167 F.Supp.3d 1248 (D.N.M. Mar. 2, 2016).[4]

On May 26, 2017, the Tenth Circuit Court of Appeals affirmed the Opinion. *Pub. Serv. Co. of New Mexico v. Barboan,* 857 F.3d 1101 (10th Cir. 2017). On July 21, 2017, the Tenth

---

[3] These twenty-two owners claimed that since April 8, 2010 PNM's AY Line has trespassed on their property.
[4] In that opinion, the Court denied reconsideration of its dismissal of claims involving the Two Allotments from this condemnation action without prejudice. In addition, the Court denied PNM's motion to sever the condemnation action against the three remaining allotments. Finally, the Court granted PNM's request to certify for interlocutory appeal *inter alia* the legal issue of PNM's power to condemn the Two Allotments partially owned by Indian tribes.

Circuit denied PNM's petition for rehearing en banc. On July 31, 2017, the Tenth Circuit issued its mandate returning jurisdiction of this case to this Court. (*See* Doc. No. 140.)

On August 3, 2017, Magistrate Judge Carmen E. Garza ordered the parties to the consolidated cases to file a Joint Status Report and Provisional Discovery Plan. (Doc. No. 144) (JSR). The parties' JSR covers the condemnation related to Allotments 1204, 1340, and 1877.

II. STANDARD OF REVIEW

Various Rules of Procedure govern stays in district courts and courts of appeals pending further appeals. See Fed. R. Civ. P. 62(h) (governing stays pending appeals in district courts); Fed. R. App. P. 8(a) (governing motions for stays in circuit courts); and Fed. R. App. P. 41(d) (governing motions for a stay of the circuit court's mandate pending petition for certiorari). Importantly, the Tenth Circuit summarily denied a motion to stay its mandate pending review by the Supreme Court. (Resp. Ex. 2.)

Under Rule 62(h), district courts must consider these factors: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

III. DISCUSSION

PNM asks the Court to continue the stay claiming that the same reasons that prompted the Court to stay the action pending an interlocutory appeal to the Tenth Circuit still apply. In other words, PNM claims that its request for a stay pending review by the Supreme Court is just a continuation of the interlocutory appeal process. PNM also contends that if the Supreme Court grants certiorari, it will decide an important statutory issue vital to PNM's authority to condemn

real property in Indian Country. Finally, PNM argues that a stay pending a decision by the Supreme Court would prevent piecemeal condemnation of the Five Allotments. PNM maintains that if it wins the appeal in the Supreme Court, it can then condemn all Five Allotments, but if it loses the appeal, even though PNM may condemn three of the five allotments, PNM "may have to change the location of its transmission line to bypass the Two Allotments." (Mot. at 3.) In its Reply, PNM points out that this Court should continue the stay to avoid the complications that could occur if this case and the appeal in the Supreme Court case proceed simultaneously.

However, the Court is unconvinced that a ruling by the Supreme Court favorable to PNM will necessarily result in the condemnation of all Five Allotments. If the Supreme Court grants certiorari and reverses the Tenth Circuit, it could remand the case to allow the Tenth Circuit to decide the questions on appeal on which it did not rule. The important issues the Tenth Circuit did not consider were whether the Navajo Nation is an indispensable party to any condemnation proceeding against the Two Allotments and whether the Navajo Nation can be joined despite its sovereign immunity. The Tenth Circuit explained:

> Though we need not reach the other questions raised on appeal, we note that the district court's orders provide thorough and well-reasoned bases to affirm on each. The court's orders are especially persuasive on the question of tribal immunity, which the court rightly observes must be abrogated unequivocally, not implicitly, by Congress. *See Nanomantube v. Kickapoo Tribe in Kan.*, 631 F.3d 1150, 1152 (10th Cir. 2011). PNM offers evidence of only implicit abrogation. We take note of this to demonstrate that even had PNM prevailed on the § 347 statutory question, it still would have had a long, difficult road ahead before its condemnation action could proceed.

*Pub. Serv. Co. of New Mexico v. Barboan,* 857 F.3d 1101, 1108 (10th Cir. 2017).

The Court concludes that PNM has failed to show that it is likely to succeed in its petition for certiorari. There is no circuit split on this legal issue—the only other circuit court that has ruled on the issue gave support for this Court's decision. In addition, no Tenth Circuit judge

7

dissented from the denial of *en banc* review. Moreover, even if PNM obtains certiorari review and reversal of the Tenth Circuit, PNM will still face the difficult issue of the Navajo Nation's sovereign immunity and Congress's failure to explicitly abrogate that immunity in § 357.

PNM has also failed to convince the Court that the balance of harms favors a continuation of the stay. *Hilton*, 481 U.S. at 776. But the Allottees persuasively assert that many of them "are elderly and have not received compensation from [PNM] for use of the right of way since it expired in 2010." (Resp. Ex. 1 at 1–2.) Finally, the public interest lies in a decision or settlement related to the AY Line's location.

IT IS ORDERED that the MOTION TO CONFIRM STATUS OF COURT'S STAY ORDER (Doc .No. 142) is denied.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT JUDGE